**FILED**

01/17/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0132

DA 21-0132

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 10N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

DUSTIN JAMES ROUNSVILLE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DC-16-62
Honorable Matthew J. Cuffe, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Chad Wright, Appellate Defender, Deborah S. Smith, Assistant Appellate
          Defender, Helena, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Katie F. Schulz, Assistant
          Attorney General, Helena, Montana

          Marcia Jean Boris, Lincoln County Attorney, Libby, Montana

Submitted on Briefs:  December 7, 2022

Decided:  January 17, 2023

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Dustin James Rounsville appeals from the sentence imposed upon revocation of his original sentence for felony stalking, challenging conditions of the written sentence as differing from the oral pronouncement and beyond the District Court's sentencing authority. The State partially concedes to Rounsville's argument, and we reverse and remand for entry of an amended judgment and sentence.

¶3 In 2016, Rounsville pled guilty to one count of felony stalking. The District Court sentenced him to a five-year commitment to the Department of Corrections (DOC), with all but two years suspended, and recommended other conditions if Rounsville was released on parole or conditional release. One of those recommended conditions included payment of seven separate costs, fees, and surcharges (financial conditions).

¶4 In 2018, the District Court revoked the two-year suspended portion of Rounsville's sentence, and imposed a two-year DOC commitment, with the two years suspended. This sentence *imposed* the identical conditions for community release that the original sentence had merely recommended for parole or conditional release, including the financial conditions.

2

¶5 In 2020, the District Court revoked Rounsville's two-year suspended sentence, and imposed a two-year DOC commitment, with no time suspended, less credit for time served and "street time." At disposition, the District Court orally stated, "in the event there is any community supervision or anything like that I am *recommending* all the terms and conditions from the November 16, 2018 judgment on the first revocation." (Emphasis added.) However, in contrast, the written judgment stated that Rounsville "shall pay" the financial conditions imposed in the prior 2018 judgment, and that he "shall comply with" 28 listed terms and conditions.

¶6 The oral pronouncement of sentence is the legally effective sentence and controls in the event there is a conflict between the oral and written judgments. *State v. Hammer*, 2013 MT 203, 371 Mont. 121, 305 P.3d 843. Rounsville thus argues his written revocation sentence is illegal because it affirmatively imposes conditions that were merely recommended in the oral pronouncement. He argues the written sentence substantively increases his sentence by imposing a financial obligation, even if he is never released to community supervision, and that the court had no authority to outright impose the other 28 conditions on his unsuspended sentence, rather than as recommendations.

¶7 The State agrees the 28 conditions were unlawfully imposed as probation conditions, and that remand is necessary to either strike the conditions or redesignate them as recommended conditions in the event of community release. However, the State argues the financial conditions were properly imposed because Rounsville was on notice from

3

their imposition in his prior 2018 judgment, and they would not substantially increase his loss of liberty or property.

¶8 We agree with Rounsville's argument he would have understood from the District Court's oral pronouncement that the financial conditions were not a mandatory part of his sentence, which may have required incarceration for the entire time. While the parties offer that the conditions may be stricken, it is appropriate for the written sentence to comport with the oral pronouncement, and that all of the subject conditions, including the financial conditions and the other 28 conditions, be designated as recommendations for community release.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶10 Reversed and remanded for entry of an amended judgment in accordance herewith.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ INGRID GUSTAFSON

4